IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF OREGON

UNITED STATES OF AMERICA,

    Plaintiff,

v.

JEFFREY LEWIS BERALDO,

    Defendant.

Crim. No. 03-511-HA

ORDER

HAGGERTY, Chief Judge:

    Defendant brings a Motion to Correct an Unlawful Sentence pursuant to Fed. R. Crim. P. 35(a). Defendant alleges that his sentence violates the United States Constitution and the rule of law announced in *Blakely v. Washington*, 124 S. Ct. 2531 (2004), and

*Apprendi v. New Jersey*, 530 U.S. 466 (2000). In *Blakely*, the Supreme Court reaffirmed the *Apprendi* rule that "'[o]ther than the fact of conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt.'" *Blakely*, 124 S. Ct. at 2536 (quoting *Apprendi*, 530 U.S. at 490). For the following reasons, the motion is denied.

## FACTUAL AND PROCEDURAL BACKGROUND

Defendant was sentenced on July 15, 2004, pursuant to defendant's plea of guilty to three counts of Bank Robbery in violation of 18 U.S.C. § 2113(a). The Pre-Sentence Report set forth defendant's prior convictions, and defendant's sentence was enhanced by his status as a Career Offender. His sentence was imposed at a Total Level of 32. Defendant received a sentence of 151 months' imprisonment on the first Count, with identical sentences on Counts 2 and 3 running concurrently.

Defendant now pursues this Motion to Correct an Unlawful Sentence. The court has considered defendant's briefs, the response filed by the government, and the Record of this case. An evidentiary hearing in this matter is unnecessary.

## ANALYSIS

Defendant argues that his sentence violates the rule recognized in *Apprendi* that "any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In *Blakely*, the Supreme Court held that the relevant "statutory maximum" for *Apprendi* purposes is generally the sentencing guideline maximum, because that is "the maximum sentence a

judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant*." 124 S. Ct. at 2537 (emphasis in original).

However, the sentencing enhancement complained about by defendant arose due to defendant's prior convictions. The authorities relied upon by defendant in support of his motion have been clarified recently by the United States Supreme Court. The rulings in *Apprendi* and *Blakely* plainly bar the district court from considering only those facts not found by the jury other than the fact of prior conviction. *See United States v. Booker*, ___U.S. ___, 125 S. Ct. 738, 756 (2005) ("Any fact ((other than a prior conviction)) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt"); *see also United States v. Moreno-Hernandez*, 397 F.3d 1248, 1250 (9th Cir. 2005) (same).

**CONCLUSION**

For the foregoing reasons, defendant's Motion to Correct Sentence (Doc. # 23) is DENIED.

IT IS SO ORDERED.

DATED this _2___ day of May, 2005.

_____/s/ Ancer L.Haggerty_____
Ancer L. Haggerty
United States District Judge