IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JEFFREY LEWIS BERALDO,<br><br>Defendant. | Case No. 3:03-cr-00511-AA<br>3:16-cv-01092-AA<br>OPINION AND ORDER |

AIKEN, Judge:

In 2004, defendant Jeffrey Lewis Beraldo pleaded guilty to bank robbery. He was was sentenced to 151 months' imprisonment, to be followed by three years' supervised release. The Court based that sentence, in part, on a determination that defendant was a career offender under the then-mandatory federal Sentencing Guidelines ("the Guidelines").[1] Defendant's career offender designation rested on a determination that his prior convictions (a federal conviction for

---

[1] Defendant was sentenced before *United States v. Booker*, 543 U.S. 220 (2005), rendered the Guidelines advisory.

unarmed bank robbery and a California state conviction for robbery II) were crimes of violence within the meaning of a provision of the Guidelines known as the residual clause.[2]

The Armed Career Criminal Act ("ACCA") contains an identically-worded residual clause. *Johnson v. United States*, 135 S. Ct. 2551, 2555–56 (2015). On June 26, 2015, the Supreme Court held that the ACCA's residual clause was unconstitutionally vague. *Id.* at 2557. After *Johnson*, a split arose in the lower courts regarding the decision's effect on the Guidelines' residual clause. *Beckles v. United States*, 137 S. Ct. 886, 891–92 (2017). Specifically, the courts disagreed over whether advisory Guidelines, as distinct from statutes that fix minimum and maximum sentences, may be challenged on vagueness grounds. In March 2017, the Court resolved that disagreement, holding that the advisory Guidelines are not susceptible to vagueness challenges and that *Johnson* therefore had no effect on sentences calculated using the advisory Guidelines' residual clause. *Id.* at 897. *Beckles* did not, however, address *Johnson*'s effect on sentences calculated using the residual clause of the mandatory Guidelines. *See id.* at 894 (distinguishing between advisory and mandatory sentencing guidelines in explaining why the concerns animating the vagueness doctrine do not apply to the advisory Guidelines).

On June 15, 2016, defendant filed a motion to correct, vacate, or set aside his sentence pursuant to 28 U.S.C. § 2255. The Court stayed the briefing schedule pending the Supreme Court's decision in *Beckles*. The government now moves to dismiss defendant's petition, arguing that (1) *Johnson* does not apply to mandatory Guidelines cases; (2) even if *Johnson* does apply to mandatory Guidelines cases, it is not retroactive on collateral view in those cases; and

---

[2] "Residual clause" refers to the fact that the provision is the last, catch-all part of the Guidelines' definition of "crime of violence." *See, e.g.*, *United States v. Lee*, 821 F.3d 1124, 1126 (9th Cir. 2016).

(3) defendant's petition is time-barred. It is unnecessary to address the government's first two arguments because the petition must be dismissed as untimely.[3]

Petitions under 28 U.S.C. § 2255 are subject to a one-year limitations period. That period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which facts supporting the claim or claims presented could have been discovered through the exercise of reasonable diligence.

28 U.S.C. § 2255(f). Neither subsection (2) nor (4) is at issue here, and defendant was sentenced thirteen years ago. Accordingly, the parties agree that the petition is untimely unless subsection (3) applies. Defendant asserts that his petition is timely under that subsection because the right he asserts is the same right the Supreme Court recognized in *Johnson*.

The right asserted by defendant is the right not to be subjected to a sentence enhanced by a vague mandatory sentencing guideline. Particularly in view of the *Beckles* Court's statements about the differences between mandatory and advisory sentencing guidelines, that right is a logical extension of the right recognized in *Johnson*. But after *Beckles*, it is doubtful that right is the *same* right recognized in *Johnson*. See *Beckles*, 137 S. Ct. at 903 n.4 (Sotomayor, J., concurring) (explaining that although the majority opinion in *Beckles* forecloses vagueness

---

[3] Because the petition is dismissed on timeliness grounds, it is also unnecessary to address petitioner's argument that the government has waived its other two arguments or is judicially estopped from making them.

PAGE 3 – OPINION AND ORDER

challenges to the advisory Guidelines, it "leaves open the question whether defendants sentenced to terms of imprisonment before" *Booker* "may mount vagueness attacks on their sentences"). It appears that all federal courts to have considered this question have reached the same conclusion. *See, e.g., Hirano v. United States*, 2017 WL 2661629, *7 (D. Haw. June 20, 2017); *United States v. Autrey*, 2017 WL 2646287, *4 (E.D. Va. June 19, 2017); *Ellis v. United States*, 2017 WL 2345562, *2 (D. Utah May 30, 2017); *Mitchell v. United States*, 2017 WL 2275092, *5 (W.D. Va. May 24, 2017); *Hodges v. United States*, 2017 WL 1652967, *2 (W.D. Wash. May 2, 2017); *United States v. Russo*, 2017 WL 1533380, *3 (D. Neb. Apr. 27, 2017). In view of this growing consensus and the Court's decision in *Beckles*, I conclude that defendant cannot rely on 28 U.S.C. § 2255(f)(3) to make his petition timely because the right he asserts has not been recognized by the Supreme Court.

For the reasons stated above, the government's motion to dismiss (doc. 39) is GRANTED and petitioner's 2255 petition (doc. 30) is DISMISSED. However, I find that reasonable jurists could debate whether "the petition should have been resolved in a different manner." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). I therefore grant a certificate of appealability on the issue of whether defendant's motion falls within the scope of 28 U.S.C. § 2255(f)(3).

IT IS SO ORDERED.

Dated this 5th day of July 2017.

_____
Ann Aiken
United States District Judge