IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. 3:03-cr-00511-AA |
| | 3:16-cv-01092-AA |
| Plaintiff, | **OPINION AND ORDER** |
| vs. | |
| JEFFREY LEWIS BERALDO, | |
| Defendant. | |

AIKEN, Judge:

Defendant Jeffrey Lewis Beraldo seeks reconsideration of my opinion and order denying his motion to correct, vacate, or set aside his sentence under 28 U.S.C. § 2255. I denied that motion on timeliness grounds, holding that defendant was not asserting a right "newly recognized" by the Supreme Court in the year preceding his motion, as required by § 2255(f)(3). *United States v. Beraldo*, 2017 WL 2888565, *2 (D. Or. July 5, 2017). Recognizing that reasonable jurists could debate the correctness of that conclusion, however, I granted plaintiff a certificate of appealability. *Id.*

Defendant now moves for reconsideration under Federal Rule of Civil Procedure 59(e). "[A]ltering or amending a judgment under Rule 59(e) is an extraordinary remedy usually

PAGE 1 – OPINION AND ORDER

available only when: (1) the court committed manifest errors of law or fact, (2) the court is presented with newly discovered or previously unavailable evidence, (3) the decision was manifestly unjust, or (4) there is an intervening change in the controlling law." *Rishor v. Ferguson*, 822 F.3d 482, 491–92 (9th Cir. 2016) (citation and internal quotation marks omitted).

After carefully considering defendant's arguments, I conclude the demanding standard of Rule 59(e) is not satisfied here. Defendant's arguments are purely legal, so reconsideration is not warranted on the grounds of newly discovered or previously unavailable evidence. No intervening change in controlling law supports reconsideration, either. Defendant cites the Ninth Circuit's intervening decision in *United States v. Geozos*, 870 F.3d 890 (9th Cir. 2017). *Geozos*, which analyzed the timeliness requirements of a related statutory provision, 28 U.S.C. § 2255(h)(2), certainly has implications for decisions involving the interpretation of § 2255(f)(3). But it is not "controlling law" here because it concerned not only a different provision of § 2255 but also a different application of *Johnson v. United States*, 135 S. Ct. 2551 (2015). Specifically, *Geozos* addressed how to deal with a sentencing record that was ambiguous as to whether the sentence rested on the provision of the Armed Career Criminals Act invalidated by *Johnson*. 870 F.3d at 895. That question is distinct from the question raised by defendant's § 2255 motion: whether *Johnson* necessarily invalidated the residual clause of the pre-*Booker* mandatory sentencing guidelines.

That leaves the manifest error and manifest injustice approaches to Rule 59(e) relief. Under the circumstances presented here, the analysis of those two options is closely related. Defendant's well-researched brief and citation of supplemental authorities establish that there is a split among district courts regarding whether a motion arguing that the residual clause of the mandatory sentencing guidelines is void for vagueness asserts the same right newly recognized

PAGE 2 – OPINION AND ORDER

in *Johnson*. *Compare, e.g., United States v. Colasanti*, — F.Supp.3d —, 2017 WL 4273300, *3 (D. Or. Sept. 26, 2017) ("Indeed, it is difficult to reconcile [the fact that] the majority in *Beckles* [*v. United States*, 137 S. Ct. 886 (2017)] deliberately avoided any discussion of the mandatory sentencing Guidelines . . . with his contention that *Johnson*, decided two years earlier, definitively recognized [a] right" that applies in the context of a mandatory Guidelines challenge) *with, e.g., United States v. Roy*, — F.Supp.3d —, 2017 WL 4581792, *6 (D. Mass. Oct. 13, 2017) ("The new rule Roy relies on here is the rule announced in *Johnson* . . . , simply applied to the pre-*Booker* career offender guideline.") A split may be brewing at the appellate level, as well. *Compare United States v. Brown*, 868 F.3d 297, 301 (4th Cir. 2017) (dismissing the defendant's § 2255 petition as untimely because "*Johnson* dealt only with the residual clause of ACCA . . . [and] did not discuss the mandatory Sentencing Guidelines' residual clause") *and Raybon v. United States*, 867 F.3d 625, 627 (6th Cir. 2017) (same) *with Moore v. United States*, 871 F.3d 72, 82–83 (1st Cir. 2017) (expressing skepticism about the reasoning of *Brown* and *Raybon* and concluding that the defendant, who challenged his mandatory guidelines sentence under *Johnson*, had made a sufficient threshold showing under 28 U.S.C. § 2255(h)(2) to permit him to make his timeliness arguments to the district court). But the very existence of such splits suggests that settling on either position is unlikely to be the sort of "manifest error" that would justify relief from judgment under Rule 59(e). The splits are very good evidence that reasonable jurists could disagree about how to resolve defendant's motion, but that only underscores the appropriateness of granting defendant a certificate of appealability, which I have already done.

For similar reasons, I find no manifest injustice justifying relief from judgment. As explained above, defendant's motion raises a difficult legal question with which judges across the country are wrestling—yielding divided results. It may well be that defendant's argument

will prevail in the Ninth Circuit and I will have landed on the wrong side of the issue. But I cannot conclude the prior opinion works a manifest injustice when it remains an open and hotly debated question how the issue at the heart of that opinion ought to be resolved.

Because defendant has not satisfied the standard for reconsideration under Rule 59(e), his motion (doc. 58) is DENIED.

IT IS SO ORDERED.

Dated this ___ day of December 2017.

_____
Ann Aiken
United States District Judge